DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Brian L. Howard, appeals his conviction in the Summit County Court of Common Pleas for possession of cocaine. We affirm.
On January 1, 1999, Officer Darrell Garner of the Copley Township Police Department and Officer Michael Gabel of the Bath Township Police Department were dispatched to the Radisson Hotel on Montrose West Avenue to execute an arrest warrant issued for Mr. Olympus Beach. Officers Garner and Gabel were accompanied by a second officer from Copley Township. When the officers arrived at the hotel, they proceeded to a third floor room and announced their presence and their intention to execute an arrest warrant. The officers heard shuffling and voices from inside the room, but the occupants did not open the door. The officers announced their presence two more times; on the third time, they informed the occupants that they would enter the room by force if necessary.
At that point, the door to the room opened. Seven or eight juveniles occupied the room in addition to Defendant, who stood near a sliding glass window. The officers noted the scent of marijuana smoke in the room. As the officers entered, Defendant leapt from the window and landed in the shrubbery below. Noting that Defendant appeared stunned, but unharmed, Officer Garner ordered Defendant to stay in his location. Defendant immediately fled on foot toward the intersection of Interstate 77 and State Route 21. Officers Garner and Gabel pursued Defendant, but he eluded capture. At that point, Officer Garner returned to assist in securing the hotel room. Officer Gabel continued the pursuit, tracking Defendant's footprints across Interstate 77 and back toward the area of the hotel.
The subject of the warrant was apprehended and the remaining juveniles in the room were identified and released. As the officers left the hotel with Mr. Beach, a brown car pulled from behind the hotel. Suspecting that Defendant was a passenger, Officer Garner stopped the vehicle. He identified the passengers as the juveniles who had been present in the hotel room. Defendant was in the backseat, "wedged" in the car on top of other occupants. Officer Garner ordered Defendant out of the car at gunpoint, but Defendant escaped his grasp and fled across Interstate 77 on foot. He was apprehended by two Fairlawn police officers and placed under arrest. The other passengers in the vehicle were also arrested. While conducting a search of the vehicle, Officer Gabel recovered a bag from the backseat area that appeared to contain crack cocaine.
Defendant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the second degree; one count of escape in violation of R.C. 2921.34(A), a felony of the fifth degree; and one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. On April 27, 1999, following a bench trial, the trial court found Defendant guilty of escape and of possession of cocaine. The court made no finding with respect to the charge of resisting arrest. The trial court sentenced Defendant to consecutive prison terms of three years for possession of cocaine and six months for escape. Defendant timely appealed. He has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
The trial court erred to the prejudice of [Defendant] and abused its discretion by refusing to consider Defendant's exhibit A as evidence as to why [Defendant] fled from the police on January 1, 1999.
During trial, Defendant moved the court to take judicial notice of and admit into evidence a court order noting that Defendant failed to appear for a hearing on December 28, 1998, and ordering that a capias issue for his arrest. The court took judicial notice of its record but excluded the evidence, noting that its admission for the purpose advanced by Defendant would facilitate an impermissible stacking of inferences. Defendant has argued that this determination constituted an abuse of discretion. We disagree.
Determinations with respect to the admission and exclusion of evidence are within the broad discretion afforded the trial court, and these determinations will not be reversed on appeal in the absence of an abuse of discretion that resulted in material prejudice to the defendant. See State v. Hymore (1967), 9 Ohio St.2d 122,128, certiorari denied (1968), 390 U.S. 1024,20 L.Ed.2d 281. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. SeeState v. Brown (1988), 38 Ohio St.3d 305, 312, certiorari denied (1989), 489 U.S. 1040, 103 L.Ed.2d 239. In addition:
 An abuse of discretion involves far more than a difference in * * * opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias.
State v. Thompson (1998), 127 Ohio App.3d 511, 521.
A trier of fact:
 may not draw `[a]n inference based * * * entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]' * * * However, `[a]n inference * * * based in part upon another inference and in part upon facts is a parallel inference and, if reasonable, may be indulged * * *.'
(Alternations in original.) (Citations omitted.) State v. Cowans
(1999), 87 Ohio St.3d 68, 78, quoting Hurt v. Charles J. RogersTransp. Co. (1955), 164 Ohio St. 329, paragraphs one and two of the syllabus. Underlying this rule is the recognition that conclusions based upon the insecure foundation of a second inference are speculative in nature. Titanium Industries v.S.E.A. Inc. (1997), 118 Ohio App.3d 39, 49.
In support of his motion, Defendant noted that the State was attempting to prove that he had been in possession of drugs by using the circumstantial evidence of his flight from police. He argued that the capias provided an alternative explanation for his flight. The court reasoned that Defendant may have been aware that he had missed a court appearance, but that there was no indication that he was aware at the time of the incident that a capias had issued. The court concluded that to admit the evidence for Defendant's purpose would require the underlying inference that he was aware of the warrant for his arrest:
 If someone knows there's a warrant out for their arrest and they flee when the police enter a room that they are occupying, the reasonable inference is that they're fleeing to avoid arrest.
 If they don't know there's a warrant for their arrest and they flee when the police enter a room, then their conduct becomes a little more ambiguous, and you can't reasonably draw the same inference that they left just because they knew there was a warrant.
* * *
 So unless you can show that he knew there was a capias, one fact does not flow from the other.
Defendant's purpose for admitting this evidence was to advance the inference that Defendant fled from the police not because he was in possession of drugs, but because he was under an outstanding arrest warrant. He has argued that the fact that an individual fails to appear in court, standing alone, is sufficient to raise the inference that a subsequent flight from police is motivated by the failure to appear. Consequently, he maintained that actual knowledge of the capias was unnecessary and that admission of the evidence would permit a proper parallel inference to be drawn.
The trial court concluded that because failure to appear in court does not automatically lead to the issuance of an arrest warrant, this conclusion could only be grounded on the further inference that Defendant was actually aware of the capias. This determination does not reflect an abuse discretion. Accordingly, Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
The conviction for possession of cocaine is against the manifest weight of the evidence.
 In determining whether a conviction was against the manifest weight of the evidence, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id.
R.C. 2925.11(A) and (B)(4) prohibit any person from knowingly obtaining, possessing, or using cocaine. Possession is defined as having control over a substance. R.C. 2925.01(K). It "may not be inferred solely from mere access to the * * * substance through * * * occupation of the premises upon which the * * * substance is found."Id. This court has observed, however, that:
 R.C. 2901.21(C) sets forth the requirements for criminal liability and provides: "(1) Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of his control thereof for sufficient time to have ended possession." Possession of controlled substances may be actual or constructive. * * * A person has constructive possession of a thing or substance when he is able to exercise dominion or control over it. * * * Dominion and control may be proven by circumstantial evidence alone. * * * Circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession.
(Citations omitted.) State v. Gibson (May 6, 1998), Summit App. No. 18540, unreported, at 4-5. In Gibson, the defendant was charged with possession of cocaine after an inventory search of a vehicle led to the discovery of a baggie of crack cocaine tucked into the rear seat where the defendant had been a passenger. This court concluded that the presence of the cocaine in a location within the defendant's immediate control, combined with circumstantial evidence including his furtive movements and attempts to evade the police, supported the conviction notwithstanding the defendant's denial that the cocaine belonged to him. Id. at 5.
In this case, the police located Defendant in a hotel room in which the officers detected indicia of illegal drug use, including the strong scent of marijuana smoke. As the officers entered the room, Defendant leapt through a third-story window and fled on foot through inclement weather although minimally clothed. He fled a second time when Officer Garner attempted to wrestle him to the ground. Officer Gabel identified a plastic bag containing several rocks of crack cocaine tucked into the backseat in which Defendant, along with several other passengers, had been seated.
Defendant has noted that the testimony of Officers Gabel and Garner diverges with respect to the exact location of the contraband in the vehicle. He has also directed our attention to the testimony of Michael McCoy, the driver of the vehicle, who testified that he threw a bag of drugs into the backseat prior to the stop and that the drugs recovered by the police belonged to him. Mr. McCoy also stated that the drugs were hidden on his person when the police arrived at the hotel room. Officer Garner, however, opined that a quantity of crack cocaine of the size at issue in this case would be detected during a patdown by the presence of a noticeable bulge. He testified that he conducted a patdown of Mr. McCoy, but that he did not detect drugs at that time.
It is not necessary for the state to demonstrate that Defendant was the owner or the exclusive possessor of the drugs. See State v. Gibson, supra, citing State v. Wolery (1976),46 Ohio St.2d 316, 332, certiorari denied (1976), 429 U.S. 932,50 L.Ed.2d 301. Our review of the evidence indicates that this is not the exceptional case in which the evidence weighs heavily against Defendant's conviction. His second assignment of error is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT BATCHELDER, P.J., CARR, J., concur.